Case 4:24-cv-05059-JAG    ECF No. 25    filed 09/30/25    PageID.2012    Page 1 of 11

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENDRA K.,<br><br>      Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,[1]<br><br>      Defendant. | No. 4:24-cv-05059-JAG<br><br>ORDER AFFIRMING<br>DECISION OF THE ALJ |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief. ECF Nos. 16 and 23. Attorney Chad Hatfield represents . (Plaintiff); Special Assistant United States Attorney Lillian Lee represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **AFFIRMS** the ALJ's decision and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.    JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on May 22, 2019, alleging disability since

---

[1] Frank Bisignano became the Commissioner of Social Security May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER AFFIRMING ALJ'S DECISION - 1

January 1, 2019, due to PTSD, depression, anxiety, panic attacks, insomnia, and learning disabilities. Tr. 206. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 128. After a hearing, ALJ M. J. Adams denied Plaintiff's claim. Tr. 20-35. The Appeal Council denied review. Tr. 1. Plaintiff appealed to this Court. Tr. 440. The Court remanded for further administrative proceedings based on a stipulated motion. Tr. 443-44. A hearing was held on remand on October 26, 2023, with a supplemental hearing on March 5, 2024. Tr. 368. Vocational expert Sharon Welter, and Plaintiff, who was represented by counsel, testified at both hearings; medical expert Linda Miller, DO, testified at the later hearing. Tr. 368. ALJ C. Howard Prinsloo presided. Tr. 384. The ALJ issued a partially favorable decision on April 9, 2024, finding disability during a closed period from May 22, 2019, through November 30, 2020. Tr. 384. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 11, 2024. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born June 11, 1993, and was 25 years old on the onset date of May 22, 2019. Tr. 184. Plaintiff has no past relevant work. Tr. 376.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed

ORDER AFFIRMING ALJ'S DECISION - 2

only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190,

1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On April 9, 2024, ALJ Prinsloo issued a decision finding Plaintiff was disabled as defined in the Social Security Act during the period beginning May 22, 2019, and ending November 30, 2020.

At *step one*, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset date. Tr. 372.

At *step two*, the ALJ found Plaintiff had the severe impairments of post-traumatic stress disorder (PTSD) and unspecified anxiety disorder. Tr. 372.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 372.

The ALJ also found that Plaintiff during the period of disability, Plaintiff had the residual functional capacity (RFC):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant was limited to simple, routine tasks with short, simple instructions with no detailed tasks requiring more than three steps and only occasional changes in the work environment. The claimant could not have experienced any direct public contact and could not have been required to work in close coordination with coworkers as a team. The claimant was unable to complete a normal workday or workweek without interruption from psychologically based symptoms to the extent that she would have likely had an average of four absences per month.

Tr. 373. Beginning on December 1, 2020, Plaintiff could perform a full range of work, at all exertional levels with the following limitations:

> claimant is limited to simple, routine tasks with short, simple instructions with no detailed tasks requiring more than three steps and only occasional changes in the work environment. The claimant should not have no direct public contact and should not be required to work in close coordination with coworkers as a team.

Tr 379-80.

At *step four*, the ALJ found that Plaintiff had no past relevant work. Tr. 383.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of Cleaner, Industrial, Sweeper-Cleaner, Industrial and Cleaner, Housekeeping. Tr. 383. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 1, 2020, through the date of the decision. Tr. 384.

## VI.   ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits beginning December 1, 2020, and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by improperly evaluating the medical evidence, failing to conduct an adequate step three evaluation, improperly rejecting Plaintiff and lay witness testimony, and failed to properly evaluate step five.

## VII.   DISCUSSION

A.   **Medical Opinions.**

Plaintiff argues that the ALJ erred by failing to address the persuasiveness of the disabling opinions for the time period of December 1, 2020 to the time of the opinion. For claims filed on or after March 27, 2017, the ALJ must consider and

ORDER AFFIRMING ALJ'S DECISION - 5

evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5). The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017

ORDER AFFIRMING ALJ'S DECISION - 6

regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

    1.    <u>**Kenneth Cole, PsyD and Janis Lewis, PhD.**</u>

Plaintiff argues the ALJ erred by failing to evaluate the disabling opinions of Kenneth Cole and Janis Lewis since December 20, 2020. "[A]n ALJ 'need not discuss *all* evidence presented to [him].' *Vincent v. Heckler,* 739 F.2d 1393, 1395 (9th Cir. 1984). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Commissioner of Social Security*, 775 F.3d 1090, 1103 (9th Cir. 2014). An ALJ must explain only why "significant probative evidence has been rejected." *Id.*

Here, the ALJ analyzed Dr. Cole's opinion finding it to be persuasive except for his opinion regarding the need for a protective payee. Tr. 375. The ALJ's determination that Plaintiff's medical condition improved to the point of no longer being disabling in late 2020 was not inconsistent with Dr. Cole's evaluation, therefore the ALJ was not required to provide a detailed explanation. Dr. Cole noted "deficits are likely to improve with appropriate psychopharmacological interventions and mental health counseling." Tr. 276. The ALJ also found Dr. Lewis's report to be persuasive. Tr. 382. Dr. Lewis endorsed Dr. Cole's

opinion but added a specific end date to the period of disability ("onset 5/30/19 with a duration of 18 months."). Tr. 787. Consequently, the ALJ had no obligation to evaluate the disabling opinions of Drs. Cole and Lewis because their opinions are consistent with the ALJ's findings.

### 2. *Deborah L. Smith, Ed. M, LMHC.*

Plaintiff argues that the ALJ failed to adequately evaluate the consistency or supportability of Ms. Smith's assessment. The ALJ provided a clear rationale, supported by record, for finding that Ms. Smith's 2023 assessment was unpersuasive. Tr. 382. A conflict between treatment notes and a treating provider's opinions constitutes an adequate reason to discredit the opinions of a treating physician or another treating provider. *See Molina v. Astrue,* 674 F.3d 1104, 1111-12 (recognizing that a conflict with treatment notes is a germane reason to reject a treating physician's assistant's opinion); *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692-93 (9th Cir.2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion). The ALJ found that the treatment notes consistently showed Plaintiff's condition to be better than her limitations Tr. 382 ("Ms. Smith's opinion of such severe functional limitations is not supported by any of her treatment records from February 2021 through January 2024, in which the claimant presents with good attention and concentration; intact memory; appropriate behavior; a euthymic mood with congruent affect; only occasional anxious affect; good insight; and appropriate thought content.").

### 3. *Linda Miller, DO.*

Plaintiff argues that the ALJ erred by relying on the testimony of medical expert Linda Miller. "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir.1984). The ALJ is likewise responsible for resolving ambiguities." *Magallanes v. Bowen*,

ORDER AFFIRMING ALJ'S DECISION - 8

881 F.2d 747, 750 (9th Cir. 1989). Plaintiff argues that the ALJ erred in relying on Linda Miller's testimony because she misconstrued the record. However, the ALJ did not blindly accept Linda Miller's testimony, but instead reviewed Plaintiff's medical records and concluded that those records supported Ms. Miller's conclusion. Tr. 381. Consequently, no error occurred.

B. **Plaintiff and Lay Witness Testimony.**

Plaintiff contends that the ALJ erred by improperly rejecting Plaintiff's testimony due to her waxing and waning symptoms and improperly rejected lay witness testimony. It is the province of the ALJ to assess Plaintiff's testimony. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).

The ALJ found that Plaintiff's testimony regarding the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. TR. 380. The ALJ relied on Plaintiff's daily activities, reports regarding travel, and the medical record to support the findings. Tr. 380-83. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). An ALJ may consider inconsistent statements by a claimant in assessing her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009), but this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although

it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Here, the ALJ carefully examined Plaintiff's testimony and the record and aspects of Plaintiff's statements for specific and clear reasons. Tr. 377-78. The ALJ did not solely rely on inconsistencies between the medical evidence and the Plaintiff's symptom statement but instead relied on multiple bases for making a decision. The ALJ found, based on the sources highlighted above, that Plaintiff's medical issues improved over time rather than fluctuated. Tr. 379. The ALJ's decision to reject aspects of Plaintiff's testimony regarding intensity of symptoms is free of legal error.

Regarding lay testimony, the ALJ considered, but did not articulate the analysis of, the lay testimony provided by Plaintiff's mother, sister, and friend. Although prior case law required the ALJ to analyze lay testimony outside the purview of medical evidence, the new regulations remove that requirement. 20 C.F.R. § 416.920c(d); *see also Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022). Accordingly, the ALJ committed no legal error.

C.     **Step Three.**

Plaintiff contends that the ALJ erred at Step Three by failing to adhere to the limitations opined by Dr. Cole from 2019 and Ms. Smith from 2023. Plaintiff also argues that the ALJ failed to make specific findings as to the "C" criteria. Both arguments fail. First, as discussed above, the ALJ properly assessed the medical opinions, including rejecting the limitations Ms. Smith listed in 2023. Second, the ALJ addressed the "C" criteria, but found that they were not satisfied. Tr. 379.

D.   **Step Five**.

Plaintiff alleges that the hypothetical provided to the vocational expert was insufficient based on the other assignations of error.  Because the Court finds no error in the ALJ's assessment of testimony, medical experts, and the Step Three analysis, the Step Five hypothetical was complete.

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1.   Defendant's request to affirm the ALJ in Defendant's Brief, **ECF No. 23** is **GRANTED**.

2.   Plaintiff's Motion for Summary Judgment, **ECF No. 16** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 11